E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Chief, Corporate and Securities Fraud Strike Force
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Corporate and Securities Fraud Strike Force
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2429
    Facsimile: (213) 894-0241
    Email:    Nisha.Chandran@usdoj.gov

GLENN S. LEON
Chief, Fraud Section
Criminal Division, U.S. Department of Justice
THEODORE M. KNELLER (D.C. Bar No. 978680)
ADAM L.D. STEMPEL (D.C. Bar No. 1615015)
Trial Attorneys, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue, NW
    Washington, DC 20530
    Telephone: (202) 514-5799
    Facsimile: (202) 514-3708
    E-mail:    Theodore.Kneller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-MJ-06166-DUTY |
| Plaintiff, | <u>STIPULATION REGARDING REQUEST FOR CONTINUANCE OF FILING DATE FOR INFORMATION OR INDICTMENT PURSUANT TO SPEEDY TRIAL ACT</u> |
| v. | |
| IBRAHIM AMEEN ALHUSSEINI, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California, the Chief of the Fraud Section of the U.S. Department of Justice Criminal Division, Assistant United States Attorneys Brett A. Sagel and Nisha Chandran, and U.S. Department of Justice Trial Attorneys Theodore M. Kneller and Adam L.D. Stempel, and defendant IBRAHIM AMEEN ALHUSSEINI ("defendant"), both individually and by and through his counsel of record, Ronald L. Cheng, Aaron S. Dyer, and David K. Willingham, hereby stipulate as follows:

1. Defendant was arrested on October 7, 2024, and the government filed a complaint on October 8, 2024, alleging a violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5. (Dkt. 1.) Defendant appeared, represented by his counsel of record, for an initial appearance on that complaint on October 8, 2024, which was continued to October 10, 2024, October 16, 2024, and October 21, 2024, at defendant's request. (Dkts. 4, 8, 10, 15.) At defendant's October 16, 2024 appearance, defendant waived preliminary hearing. (Dkt. 11.)

2. At defendant's October 21, 2024 appearance, defendant was granted bond along with other conditions set by the Court. (Dkt. 15.) The Court set a post-indictment arraignment for November 25, 2024. (Id.)

3. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that an information or indictment be filed on or before November 6, 2024.

4. By this stipulation, defendant moves to continue the date by which an information or indictment must be filed to December 6, 2024, and move further for a continuance of the post-indictment arraignment to December 10, 2024.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. The ends of justice outweigh the interest of the public and the defendant in the filing of an information or indictment within the original date prescribed by the Speedy Trial Act because:

        i. Counsel of record Ronald L. Cheng and Aaron S. Dyer represent that, prior to being able to meaningfully consult with defendant regarding the case, including the possibility of entering into a plea agreement prior to or concurrent with the filing of an indictment or information in this case, they have needed additional time to confer with defendant.

        ii. Counsel of record David K. Willingham was retained by defendant on October 28, 2024. Counsel thus represents that he requires additional time to counsel the defendant regarding the case.

        iii. The defendant, his counsel, and government counsel require an additional 30 days, from November 6, 2024 to December 6, 2024, to consider entering into a plea agreement prior to or concurrent with the filing of an indictment or information in this case; and

        iv. The defendant and his counsel require additional time for defense counsel to conduct and complete an independent investigation of the case, advise the defendant, and prepare for a trial in the event that a pretrial, pre-indictment resolution does not occur. Defense counsel represent that failure to grant the

continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   v. Defendant believes that failure to grant the continuance will deny him adequate representation.

6. Based on the foregoing, the parties request that the Court find that for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161(b), within which an information or indictment must be filed, the time period of October 30, 2024, to December 6, 2024 is deemed excludable pursuant to 18 U.S.C. § 3161(h) because the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b).

7. The parties agree and stipulate and request that the Court find that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the

//
//
//

future authorize the exclusion of additional time periods from the period within which an information or indictment must be filed.

IT IS SO STIPULATED.

Dated: October 29, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

GLENN S. LEON
Chief, Fraud Section
U.S. Department of Justice

            /s/
BRETT A. SAGEL
NISHA CHANDRAN
Assistant United States Attorneys

THEODORE M. KNELLER
ADAM L.D. STEMPEL
Trial Attorneys, Fraud Section
U.S. Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am IBRAHIM AMEEN ALHUSSEINI's attorney. I have carefully discussed every part of this stipulation and the continuance of the date by which an information or indictment be filed with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right for an information or indictment to be filed earlier than December 6, 2024, is an informed and voluntary one.

/s/ _____    10/31/24
RONALD L. CHENG                Date
AARON S. DYER
DAVID K. WILLINGHAM
Attorney for Defendant
IBRAHIM AMEEN ALHUSSEINI


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the date by which an information or indictment be filed, and give up my right for an information or indictment to be filed earlier than December 6, 2024.

/s/ _____    10/31/24
IBRAHIM AMEEN ALHUSSEINI       Date
Defendant