PILLSBURY WINTHROP SHAW PITTMAN LLP
RONALD L. CHENG (138892)
ronald.cheng@pillsburylaw.com
AARON S. DYER (161798)
aaron.dyer@pillsburylaw.com
REBECCA M. LEE (312039)
rebecca.lee@pillsburylaw.com
725 South Figueroa Street, Suite 3600
Los Angeles, CA 90017-5524
Telephone: 213.488.7100
Facsimile: 213.629.1033

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | Case No. MJ24-6166 |
|---|---|
| Plaintiff, | **DECLARATION OF JODENE EVANS IN SUPPORT OF DEFENDANT'S MOTION FOR MODIFICATION OF BOND ORDER** |
| vs. | |
| Ibrahim Ameen Alhusseini, | [Filed concurrently with Motion for Modification of Bond Order; supporting Declarations] |
| Defendant. | |
| | Date:<br>Time:<br>Dept: |
| | Trial Date: |

-1-
DECLARATION OF JODENE EVANS IN SUPPORT OF MOTION FOR MODIFICATION OF BOND ORDER

Case No: MJ24-6166

# DECLARATION OF JODENE EVANS

I, JODENE EVANS, make the following declaration:

1. I am over the age of 18 years, of sound mind, and competent to testify in this matter. Unless otherwise indicated, I make the statements in this declaration based on my personal knowledge of the facts set forth herein, and if sworn, I could and would competently testify to them. I am a surety for defendant Ibrahim Ameen Alhusseini in this present action brought by Plaintiff United States Attorney's Office ("Plaintiff"). I make this declaration, in support of the Motion for Modification of Bond Order ("Motion") filed by the defendant. I make this declaration as defendant's FRIEND, and I reside at 757 PALMS BLVD., VENICE, CA 90291. The last four digits of my Social Security Number are 6542.

2. On Monday, October 21, 2024, this Court issued a release and bond order ("Existing Bond Order"). Attached as **Exhibit A** is a true and correct copy of the Release Order and Bond Form.

3. The Existing Bond Order includes the terms below (among other items):

    a. Listed at section 3.c.1 of the Existing Bond Order, address 3616 Camp Creek Road, Springfield, OR 97678, signed by Lekha Singh and JoDene Evans, in the amount of $850,000.00.

    b. Under additional properties, the property listed at item (2), address 4476 West Avenue 42, Los Angeles, CA 90065, signed by Nathalie Molina Nino and her mother, the trustee of the trust, in the amount of $200,000.00.

    c. Under additional properties, the property listed at item (3), address 1672 Sandy Lily Dr., Golden, CO 80401, signed by Julie Preger, in the amount of $250,000.00.

    d. Listed at 3.b.1 of the Existing Bond Order, a surety is listed as Denmark West for $25,000.00.

    e. Listed at 3.b.4 of the Existing Bond Order, a surety is listed as Lekha Singh for $275,000.00.

    f. Listed at 3.b.7 of the Existing Bond Order, a surety's name is listed as Wea Nichols for $250,000.00.

4. I understand that the following amendments to the Existing Bond Order are requested by defendant, through his counsel:

    a. The surety listed at section 3.c.1 (3616 Camp Creek Road, Springfield, OR 97678), signed by Lekha Singh and JoDene Evans, will be signed in the amount of $425,000.00 (reduced from $850,000.00), and signed by Lekha Singh only.

    b. Listed under additional properties, the property listed as item (2), address 4476 West Avenue 42, Los Angeles, CA 90065 will no longer be included in the surety bond.

    c. Listed under additional properties, the property listed as item (3), address 1672 Sandy Lily Dr., Golden, CO 80401, will be signed by Julie Preger for the amount of $125,000.00 (reduced from $250,000.00). The outstanding $125,000.00 will be replaced with a bond from a cash surety.

    d. An additional property owned by JoDene Evans, located at 757 Palms Boulevard, Venice, CA 90291, will be signed for $625,000.00.

    e. The terms of the bond will be modified such that defendant can be released prior to the completion of appraisals of the following two properties:

        i. 36316 Camp Creek Road, Springfield, OR 97678.

        ii. Property located outside the State of California to be signed by responsible 3rd party approved by the government for the amount of $800,000.00.

            1. The address of this property is 1001 Cooper Ave., Unit 5, Aspen, CO 81611.

  f. Denmark West listed at 3.b.1 will no longer be posting $25,000.00 and should be deleted.

  g. Lekha Singh currently listed at 3.b.4 to post $275,000.00 should be increased to $300,000.00.

  h. Wea Nichols, who is posting $250,000.00, should be included with her given name "Winifred Nichols."

5. Pursuant to the consent requirement of the Central District of California's Local Criminal Rule 46-2.1, I declare that I provide written consent to the aforementioned modifications of the existing bond order.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on this __30__ day of October, 2024, at San Francisco, CA.

/s/ JoDene Evans
JoDene Evans

-4-

DECLARATION OF JODENE EVANS IN SUPPORT OF MOTION FOR MODIFICATION OF BOND ORDER

# Exhibit A

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **Ibrahim Ameen Alhusseini**   Case No. **MJ24-6166**

☒ Defendant   ☐ Material Witness

Violation of Title and Section: **15:78j(b), 78ff, 17 C.F.R. 240.10b-5**

☐ Summons   ☐ Out of District   ☐ **UNDER SEAL**   ☐ Modified Date: _____

*Check only one of the five numbered boxes below and any appropriate lettered box (unless one bond is to be replaced by another):*

1. ☐ Personal Recognizance (*Signature Only*)
2. ☐ Unsecured Appearance Bond  $ _____
3. ☒ Appearance Bond  $ **3,000,000**
   - (a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*) _____
   - (b). ☒ Affidavit of Surety Without Justification (*Form CR-4*) Signed by:
     - 1) Denmark West $25,000
     - 2) Harold Erdman $100,000
     - 3) JoDene Evans $100,000
     - 3) Kamal el-Wattar $100,000
     - 4) Lekha Singh $275,000
     - 5) Rostam Zafari $100,000
     - 6) Taryn Southern $100,000
     - 7) Wea Nichols $250,000
     - *CR-4's to total $1,000,000
   - (c). ☒ Affidavit of Surety With Justification (*Form CR-3*) Signed by:
     - SEE BELOW
     - *Property to total $2,000,000
     - ☒ With Full Deeding of Property:
       1.) 36316 Camp Creek Road Springfield, OR 97678 signed by Lekha Singh and JoDene Evans for $850,000
       (SEE OTHER SECTION FOR OTHER PROPERTIES)
4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*): $ _____
5. ☐ Corporate Surety Bond in the Amount of: $ _____

Release Date: _____
☐ Released by: _____ / _____ (*Judge / Clerk's Initials*)
☒ Release to U.S. Probation and Pretrial Services ONLY
☐ Forthwith Release

☒ All Conditions of Bond (*Except Clearing-Warrants Condition*) Must be Met and Posted by: _____

☐ Third-Party Custody Affidavit (*Form CR-31*)

☒ Bail Fixed by Court: **AS** / **af** (*Judge / Clerk's Initials*)

## PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).
☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).
☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

- ☒ Submit to United States Probation and Pretrial Services supervision as directed by Supervising Agency.
- ☒ Surrender all passports and travel documents to Supervising Agency no later than **DATE OF RELEASE**, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.
- ☒ Travel is restricted to **Central District of California** unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel as well as for any domestic travel if the defendant is in a Location Monitoring Program or as otherwise provided for below.
- ☒ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

Defendant's Initials: _____   Date: _____

Case Name: United States of America v. Ibrahim Ameen Alhusseini             Case No. MJ24-6166

■ Defendant   ☐ Material Witness

- ■ Maintain or actively seek employment unless excused by Supervising Agency for schooling, training, or other reasons approved by Supervising Agency. Verification to be provided to Supervising Agency. ■ Employment to be approved by Supervising Agency.
- ■ Avoid all contact, directly or indirectly (including by any electronic means), with any known victim or witness in the subject investigation or prosecution, ■ including but not limited to *SEE "OTHER" section _____ ; ☐ except for _____ .
- ☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may have contact with the following codefendants without your counsel present: _____ .
- ■ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ■ Surrender any such item as directed by Supervising Agency by  PRIOR TO RELEASE  and provide proof to Supervising Agency. ■ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.
- ☐ Do not use or possess any identification, mail matter, access device (including, but not limited to, credit and debit cards), or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency.
   ☐ In order to determine compliance, you agree submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.
- ☐ Do not engage in telemarketing.
- ■ Do not sell, transfer, or give away any asset valued at $ 5,000 or more without notifying and obtaining permission from the Court, except *SEE "OTHER" section .
- ☐ Do not engage in tax preparation for others.
- ☐ Do not use alcohol. ☐ Submit to alcohol testing. If directed to do so, participate in outpatient treatment as approved by Supervising Agency. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency.
- ☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ Submit to drug testing. Testing may include any form of prohibited-substance screening or testing. You must pay all or part of the costs for testing based upon your ability to pay as determined by Supervising Agency. If directed to do so, participate in outpatient treatment as approved by Supervising Agency.
   ☐ In order to determine compliance, you agree to submit to a search of your person and property by Supervising Agency, which may be in conjunction with law enforcement.
- ☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or any street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.
- ☐ Participate in residential substance abuse treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to Supervising Agency only.**
- ☐ Participate in mental health treatment, which may include evaluation, counseling, or treatment as directed by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

Defendant's Initials: _____   Date: _____

Case Name: United States of America v. **Ibrahim Ameen Alhusseini**   Case No. MJ24-6166

☒ Defendant   ☐ Material Witness

☒ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

**1. Location Monitoring Restrictions (Select One)**

☐ **Location Monitoring only - no residential restrictions**

☒ **Curfew**: Curfew requires you to remain at home during set time periods. **(Select One)**
 ☒ As directed by Supervising Agency; **or**
 ☐ You are restricted to your residence every day from _____ to _____

☐ **Home Detention**: Home detention requires you to remain at home at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and _____, all of which must be preapproved by the Supervising Agency.

☐ **Home Incarceration:** Home Incarceration requires you to be at home 24 hours a day except for medical needs or treatment, attorney visits, court appearances or obligations, and _____, all of which must be preapproved by Supervising Agency.

**2. Location Monitoring Technology (Select One)**

☐ Location Monitoring technology at the discretion of the Supervising Agency. (If checked, skip to 3)

☒ Location Monitoring **with** an ankle monitor (Select one below)
 ☐ at the discretion of the Supervising Agency **or**
 ☐ Radio Frequency (RF) **or**
 ☒ Global Positioning System (GPS)

**or**

☐ Location Monitoring **without** an ankle monitor (Select one below)
 ☐ at the discretion of the Supervising Agency **or**
 ☐ Virtual/Biometric (smartphone required to participate) **or**
 ☐ Voice Recognition (landline required to participate)

**3. Location Monitoring Release Instructions (Select One)**

☒ Release to Supervising Agency only **or**   ☐ Enroll in the location monitoring program within 24 hours of release.

☐ You are placed in the third-party custody (*Form CR-31*) of _____ .
☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days of release from custody.

Defendant's Initials: _____   Date: _____

**Case Name:** United States of America v. **Ibrahim Ameen Alhusseini**   **Case No.** MJ24-6166

☒ Defendant   ☐ Material Witness

☒ Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data. ☒ In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

☒ All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

☐ Do not use or possess more than one virtual currency wallet/account, and that one wallet/account must be used for all virtual currency transactions. Do not obtain or open a virtual currency wallet/account without prior approval of Supervising Agency. You must disclose all virtual currency wallets/accounts to Supervising Agency when supervision starts and must make them available to Supervising Agency upon request. You may use or possess only open public blockchain virtual currencies and are prohibited from using private blockchain virtual currencies unless prior approval is obtained from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including computer hardware and software, which may be in conjunction with law enforcement.

**Cases Involving a Sex-Offense Allegation**

☐ Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including digital devices, by Supervising Agency, which may be in conjunction with law enforcement.

☐ All digital devices will be subject to monitoring by Supervising Agency. You must comply with the rules and regulations of the Computer Monitoring Program and must pay the cost of the Computer Monitoring Program.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person under the age of 18 except in the presence of the parent or legal guardian of the minor after you have notified the parent or legal guardian of the pending charges or convictions involving a sex offense and only as authorized by Supervising Agency

☐ Do not enter or loiter within 100 feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places frequented by persons under the age of 18 and only as authorized to do so by Supervising Agency.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica, including but not limited to pictures, photographs, books, writings, drawings, or videos depicting or describing child pornography. ☐ In order to determine compliance, you agree to submit to a search of your person and property, including computer hardware and software, by Supervising Agency, which may be in conjunction with law enforcement..

Defendant's Initials: _____   Date: _____

**Case Name:** United States of America v. **Ibrahim Ameen Alhusseini**  Case No. MJ24-6166

☒ Defendant  ☐ Material Witness

☒ Other conditions:

- Defendant is subject to all the General Conditions of Release, a copy of which defendant must request from Pretrial Services.
- Sureties are to be provided with a copy of the bond conditions, which will be provided by defense counsel.
- Avoid all contact, directly or indirectly (including by any electronic means) with Aspiration, including Joe Sanberg, Nate Redmond and any past or present employee or board member of Aspiration, and with any person that is directly involved in the charged conduct, including Riaz Karamali, except in the presence of counsel of record in this case.
- Surrender any such firearm to a responsible third party and provide proof to Pretrial Services.
- Do not sell, transfer, or give away any asset, or engage in any financial transaction valued at $5,000 or more, directly or indirectly, without notifying and obtaining prior approval of Pretrial Services, with the exception of payments of legal fees and costs, tax preparation fees, tax payments, utilities, rent, and other loans. Defendant also shall not sell, transfer, or give away a total of more than $30,000 per month without notifying and obtaining prior approval of Pretrial Services.
- Additional properties:

2.) 4476 West Ave 42, Los Angeles, CA 90065 signed by Nathalie Molina Nino and her mother, the trustee of the trust that owns the property for the amount of $200,000

3.) 1672 Sandy Lily Dr., Golden, CO 80401 signed by Julie Preger for the amount of $250,000.

4.) Property located outside state of California to be signed by responsible 3rd party approved by the government for the amount of $800,000.

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform United States Probation and Pretrial Services and my counsel of any change in my contact information, including my residence and telephone number, including cell phone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release. I will inform Supervising Agency of law enforcement contact within 72 hours of being arrested or questioned by a law enforcement officer.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _____  Date: _____

**Case Name:** United States of America v. **Ibrahim Ameen Alhusseini**  **Case No.** MJ24-6166

☒ Defendant  ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

_____   _____   _____
*Date*                      *Signature of Defendant / Material Witness*   *Telephone Number*

_____
*City and State (**DO NOT INCLUDE ZIP CODE**)*

☐ **Check if interpreter is used**: I have interpreted into the _____ language this entire form and have been told by the defendant that he or she understands all of it.

_____   _____
*Interpreter's Signature*                            *Date*

Approved: _____   _____
          *United States District Judge / Magistrate Judge*   *Date*

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: _____  Date: _____