Recommend: ☒ Approval   ☐ Disapproval
(if disapproval is checked, please complete the bottom of page 2)

☒ Sufficient amount of equity
☒ Lot Book Report confirming title (dated on or after date on which surety recorded Deed of Trust)
☒ Property Appraisal (assessed value or signed written appraisal of current market value)
☒ Recorded Deed of Trust naming the Clerk of the U.S. District Court, herein called BENEFICIARY

On 11/21/24   714-338-3598
   Date         Extension

By: Brett A. Sagel
    Assistant U.S. Attorney
Signature: [signed]

LODGED
CLERK, U.S. DISTRICT COURT
NOV 21 2024
CENTRAL DISTRICT OF CALIFORNIA
BY [initials] DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
NOV 26 2024
CENTRAL DISTRICT OF CALIFORNIA
BY [initials] DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA PLAINTIFF, | CASE NUMBER |
|---|---|
| v. Ibrahim Ameen Alhusseini | MJ24-6166 |
| DEFENDANT(S). | AFFIDAVIT OF SURETY(IES) (PROPERTY) |

I (We), the undersigned surety(ies), state on oath:

That I (we) permanently reside within the jurisdiction of the United States District Court for the Central District of California, or in Dallas, TX _____ (City, State), at the address(es) indicated; that I(we) am(are) the legal owner(s) of the property described below and the representations as to my (our) ownership and equity in said property are true and correct;

That I (we) am (are) worth the amount specified in the bond, to wit: $ 425,000.00 _____, over and above my(our) just debts and liabilities and exclusive of property exempt from execution.

I (We) further state that I (we) understand the provisions of the bond of the defendant named above for which this affidavit supports and I (we) acknowledge and agree that I (we) and my (our) personal representatives are bound, jointly and severally with the defendant and any other sureties, to pay to the United States of America the bond amount specified in the event the bond is forfeited.

I (We) further promise not to transfer or encumber said property until final disposition of this case and exoneration of the subject bond by Order of the Court.

I (We) hereby subject said funds, and agree to be bound as a condition of this bond, by the provisions of Local Criminal Rule 46-6, as set forth below in this document.

I (We) understand that it is my (our) obligation to inform the Court and counsel of any change in residence address or employment of the defendant immediately upon such a fact becoming known to me (us).

I (We) further agree and understand that, unless otherwise ordered by the Court, the bond for which this affidavit is supports is a continuing bond (including any proceeding on appeal or review) which shall continue in full force and effect until such time as the undersigned is (are) duly exonerated by Order of the Court.

*LOCAL CRIMINAL RULE 46-6 - BOND - SUMMARY ADJUDICATION OF OBLIGATION*

*A bond of undertaking presented for filing shall contain consent and agreement of the principal and surety that in case of default or contumacy on the part of the principal or surety, the Court may upon ten (10) days notice proceed and summarily render a judgment in accordance with the obligation undertaken and issue a writ of execution upon such judgment. An indemnitee or party in interest seeking a judgment on a bond or undertaking shall proceed by Motion for Summary Adjudication of Obligation and Execution. Service may be made on corporate surety as provided in 31 U.S.C. §9306.*

Address and description of property: 89060 Old Mohawk Rd, Springfield, OR 97478
See attached Exhibit "A" for Legal Description

*Each surety must indicate the form in which title to property is held and if there are other title holders, each must sign as surety and furnish pertinent information.*

**Print Name of Surety:** Two Rivers Farm LLC, a Texas limited liability company
By: Lekha Singh   Its: Vice President

**Address of Surety:** P.O. Box 670509

**Social Security Number (Last 4 digits only):** XXX-XX-0267

**City, State, Zip Code:** Dallas, TX, 75367

☐ Sole Holder or Owner   ☐ Tenancy in Common   ☐ Joint Tenancy   ☑ Other: LLC

**Percentage of Interest of Surety %** 100
**Present Fair Market Value of Property $** 1,260,000.00 *(supporting documentation attached)*
**Total Amount of Encumbrances and/or All Liens $** 0.00 *(list below separately)*

Name of Holder of 1st Encumbrance: 
Address, City, State, Zip Code:

Name of Holder of 2nd Encumbrance:
Address, City, State, Zip Code:

Name of Holder of 3rd Encumbrance:
Address, City, State, Zip Code:

**Total Equity $** 1,260,000.00 *(after deduction of encumbrance/liens)*
**Homesteaders Exemption Filed?** ☐ Yes ☑ No
**Amount of Exemption $** N/A

**Number of other bonds or undertakings:** 0
**Amount of other bonds or undertakings:** N/A

Has the indicated property previously been *USED* as collateral? ☐ Yes ☑ No
If yes, list: _____

Was appraisal given by a *LICENSED* appraiser? ☑ Yes   ☐ No. If not, what was basis of appraisal? _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this **7th** Day of **November** **2024**

X *[signature]* Lekha Singh
**Signature of Surety**
Two Rivers Farm LLC, a Texas limited liability company
By: Lekha Singh   Its: Vice President

**Friend of Defendant**
**Relationship of Surety**
*[signature]* I am who I am

**Signature of Surety**
**Relationship of Surety**

[Notary seal: TERRI ALICE CONRAD, Notary ID #125163464, My Commission Expires January 12, 2025]

Above Surety Approved: *[signature]*   Dated: 11/20/24
United States Magistrate Judge   Margo A. Rocconi

RECOMMEND DISAPPROVAL OF THIS BOND FOR THE FOLLOWING REASON(S):

☐ Discrepancy in title documentation   ☐ Insufficient documentation to establish value of property
☐ Amount of liens and/or encumbrances reduces value of property to less than required amount
☐ Other (Explain):

Dated: _____   _____
Assistant U.S. Attorney

Exhibit "A"

PARCEL 1

Beginning at a point 1306.42 feet South and 3126.42 feet West of the Northeast corner of the William N. Griffith Donation Land Claim No. 77, Notification No. 6940 in Township 17 South, Range 2 West of the Willamette Meridian, said point of beginning, also being on the Westerly right of way line of the Wendling Branch of the Southern Pacific Railroad, and from said point of beginning; running thence along a fence line North 80° 12 3/4' West 678.48 feet to the Westerly line of a County Road in Road District No. 3; thence North 34° 54' East 212.66 feet along the Westerly right of way line of said County Road; thence North 80° 37' West 639.07 feet; thence North 6' 19 1/2' East 495.9 feet to the North line of the South one-half of the North one-half of said Donation Land Claim No. 77; thence North 80° 10' West 1304.97 feet to an iron pipe on a high bank; thence along the top of said high bank North 7° 15 1/4' West 299.45 feet to an iron pipe on the left bank of the Mohawk River; thence traversing down the centerline of the Mohawk River along the following general courses: South 60° 41' West 397.83 feet, North 60° 04' West 435.09 feet, South 79° 46 1/4' West 540.13 feet; °and South 55° 32 1/4' West 382.75 feet to an iron pipe on the right bank of the McKenzie River; thence up the right bank of the McKenzie River along the following general courses: South 67° 14 1/2' East 417.75 feet, South 68° 28' East 269.07 feet South 29° 07 1/4' East 785.03 feet and South 30° 00 1/2' East 326.59 feet; thence leaving the bank of the McKenzie River and following along a fence line of the South line of the grantor's land bearing South 80° 49' East 2799.90 feet to the Westerly right of way line of the Wendling Branch of the Southern Pacific Railroad; thence along the said right of way line North 7° 24 1/2' East 563.82 feet to the point of beginning, being a part of the William M. Griffith Donation Land Claim No. 77, and that part of Lots 2 and 7 in Section 18, Township 17 South, Range 2 West of the Willamette Meridian, bounded by the Mohawk and McKenzie Rivers and the West line of said Donation Land Claim No. 77, all in Lane County, Oregon.

> EXCEPT THEREFROM all that portion of the above described property which lies Easterly of the Westerly boundary of the Old Mohawk Road, in Lane County, Oregon.
>
> EXCEPTING THEREFROM: That parcel of land conveyed to Everett Z. Christian and Janice Christian, husband and wife, which is described in that deed recorded February 21, 1995 at Reel 2041R, Reception No. 9510254, Lane County Oregon Deed Records, in Lane County, Oregon.
>
> ALSO EXCEPTING THEREFROM: That parcel of land conveyed to Lane County which is described in that deed recorded April 21, 1987 at Reel 1455R, Reception No. 8717012 and which was re-recorded for correction on June 8, 1989 at Reel 1577R, Reception No. 8924707, both in Lane County Oregon Deed Records, in Lane County, Oregon.

Continued-

Property Description Continued-

PARCEL 2

A parcel of land in the Southwest one-quarter of Section 17 and in the Northwest one-quarter of Section 20 both in Township 17 South, Range 2 West of the Willamette Meridian, in Lane County, Oregon. Said parcel described herein is based on that survey and map for Everett Christian, dated September 8, 1994, by Charles W. Guile & Associates, Co., said parcel being described as follows: Beginning at the brass cap monument marking the Northeast corner of the William N. Griffith Donation Land Claim No. 77, Township 17 South, Range 2 West of the Willamette Meridian; thence run West 3126.62 feet; thence South 1305.51 feet to an existing 1/2 inch iron pipe; thence South 7° 24' 30" West 563.99 feet to a 5/8 inch iron rod; thence North 80° 49' 00" West 857.36 feet to the true point of beginning on the Westerly line of the 1989 Relocated Old Marcola Road, said point being marked by a 5/8 inch iron rod; thence continue North 80° 49' 00" West 571.00 feet to a 5/8 inch iron rod; thence North 29° 30' 00" East 529.00 feet to a 5/8 inch iron rod; thence South 55° 10' 00" East 466.38 feet to a 5/8 inch iron rod on the Westerly line of the above mentioned Old Marcola Road; thence along said Westerly line, along the arc of a 751.20 foot radius curve left (the chord of which bears South 15° 36' 02" West 296.06 feet) a distance of 298.01 feet to the true point of beginning, in Lane County, Oregon.

> ALSO EXCEPTING THEREFROM: That parcel of land conveyed to Lane County which is described in that deed recorded April 21, 1987 at Reel 1455R, Reception No. 8717012 and which was re-recorded for correction on June 8, 1989 at Reel 1577R, Reception No. 8924707, both in Lane County Oregon Deed Records, in Lane County, Oregon.